**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VALARIE J. BLOWEY and
BENJAMIN BLOWEY,

      Plaintiffs,

v.                                                                 Case No. 8:26-cv-424-KKM-TGW

AMERICAN BANKERS
INSURANCE COMPANY
OF FLORIDA,

      Defendant.

_____

**ORDER**

Valarie J. Blowey and Benjamin Blowey sue American Bankers Insurance Company of Florida (ABIC), alleging that the defendant breached their flood insurance policy by failing to provide additional coverage. *See* Compl. (Doc. 1-1) at 9–10. ABIC moves to dismiss the Bloweys' claims as time barred. *See* MTD (Doc. 17). The Bloweys oppose. Resp. (Doc. 18). For the following reasons, I grant ABIC's motion to dismiss.

## I.    BACKGROUND

ABIC is a Write-Your-Own (WYO) Program Carrier[1] offering flood insurance as part of the National Flood Insurance Program (NFIP) under the National Flood Insurance Act of 1968 (NFIA). Notice of Removal (Doc. 1) at 1. ABIC issued a Standard Flood Insurance Policy (SFIP) for the Bloweys' property under Policy No. 7406094199, effective from September 30, 2024, through September 30, 2025. (Doc. 1-1) at 8.

In October 2024, the insured property sustained a loss caused by water from Hurricane Milton. *Id*. ABIC "investigated the loss and provided a payment amount of $11,089.76 on February 9, 2025, and a subsequent payment of $12,122.78 on August 22, 2025." *Id*. But when the Bloweys provided an estimate of the damages, ABIC refused to provide additional coverage. *Id*. at 9.

On December 22, 2025, the Bloweys filed this suit in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida. *Id*. at 7. They brought a breach of contract claim alleging that ABIC "fail[ed] to properly scope the repairs needed to the Insured property" and "pay all benefits due and

---

[1] The Federal Emergency Management Agency (FEMA) created the WYO program in 1983 to allow private insurers to offer Standard Flood Insurance Policies. *See Hairston v. Travelers Cas. & Sur. Co.*, 232 F.3d 1348, 1349 n.1 (11th Cir. 2000). "[A]ll claims and expenses [for these policies] are paid out of the National Flood Insurance Fund in the U.S. Treasury." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1316 n.1 (11th Cir. 2003) (per curiam).

owing." *Id.* at 10. After the Bloweys served ABIC on January 21, 2026, ABIC removed the case to this Court on February 16, 2026, asserting that federal question jurisdiction applies to the breach of an SFIP issued under the NFIA. *See* Notice of Removal.

ABIC moves to dismiss the claim as time barred. *See* MTD. The Bloweys respond. Resp. For the reasons below, I grant the motion in full.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the

3

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Consideration is limited "to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. at 544.

## III.   ANALYSIS

ABIC moves to dismiss the Bloweys' claim as barred by the one-year limitations period provided in the SFIP.[2] MTD at 10. Because ABIC issued its first disallowance of the claim on February 9, 2025, and the Bloweys failed to file the lawsuit in federal court before February 9, 2026, ABIC contends that the "claim is time-barred." *Id.* at 15. The Bloweys raise the doctrines of equitable tolling and equitable estoppel in response. Resp. at 5–9. I agree that

---

[2] ABIC refers primarily to the one-year period provided in the SFIP in its motion, but the NFIA itself has a one-year statute of limitations that applies to this claim. *See* 42 U.S.C § 4072 ("[T]he claimant, *within one year* after the date of mailing of notice of disallowance or partial disallowance by the Administrator, may institute an action . . . .") (emphasis added); *see also* (Doc 1-1) at 42 ("[A]ll disputes arising from . . . the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. 4001, et seq.), and Federal common law"). The Bloweys "are bound not only by the terms of the policy, but by the terms of the statute and the applicable regulations." *Cf. Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 586 (11th Cir. 1997) (interpreting limitations in a SFIP with reference to the NFIA and its implementing regulations) (citation modified).

4

the claim warrants dismissal because filing the claim in state court did not toll the statute of limitations.

### A. Statute of Limitations

Although the statute of limitations is generally an affirmative defense, "dismissal on statute of limitations grounds is proper . . . where it is apparent from the face of the complaint that the claim is time-barred." *Wainberg v. Mellichamp*, 93 F.4th 1221, 1224 (11th Cir. 2024) (per curiam) (citation modified). Part VII.O of the SFIP "Dwelling Form" specifies that a policyholder "must start [a] suit *within one year* after the date of the written denial of all or part of the claim . . . ." (Doc. 1-1) at 34 (emphasis added). The suit must be brought "in the United States District Court of the district in which the insured property was located." *Id.; see also* 44 C.F.R. pt. 61, app. A(1), art. VII (O) (providing the text of a Standard Flood Insurance Policy). This provision mirrors the one-year statute of limitations provided in Section 4072 of the NFIA. 42 U.S.C. § 4072; *see also* 44 C.F.R. § 62.22(a) (FEMA regulation clarifying that "[u]pon disallowance by . . . a participating [WYO] Company . . . the claimant *within one year* after the date of mailing . . . may, pursuant to 42 U.S.C. 4072, institute an action . . . only in the U.S. District Court for the district in which the insured property . . . shall have been situated." (emphasis added)).

The parties here agree that on February 9, 2025, ABIC issued a partial denial letter triggering the one-year period. *Compare* MTD at 10, *with* Resp. at 2. The Bloweys did not file their claim in federal court prior to the February 9, 2026 deadline. In fact, the Bloweys did not file in federal court at all, as required by the SFIP. (Doc. 1-1) at 34*; see also* 44 C.F.R. pt. 61, app. A(1), art. VII (O). Thus, ABIC argues that the Bloweys' claim is time barred. MTD at 15. The Bloweys respond that the equitable tolling doctrine precludes dismissal of the action because they filed in state court. Resp. at 5–6.

I agree with ABIC that the filing of the state court action did not toll the statute of limitations and the Bloweys' claim is therefore time barred. The United States District Court for the district in which the insured property is situated has "original exclusive jurisdiction" over an action brought under an NFIP policy. 42 U.S.C. § 4072. In *Hairston v. Travelers Casualty & Surety Company*, the Eleventh Circuit addressed whether filing an NFIP action in state court tolls Section 4072's statute of limitations provision. 232 F.3d at 1352–53. The court explained that Section 4072 gives exclusive jurisdiction to federal courts and concluded that "filing in a court without competent jurisdiction did not toll the statute of limitations." *Id.*; *see also Roop v. Wright Nat'l Flood Ins. Co.*, No. 2:24-CV-00176-JLB-NPM, 2025 WL 2636390, at *3 (M.D. Fla. Sept. 12, 2025) ("Filing in state court does not toll the one-year statute of limitations.").

6

The Bloweys nevertheless argue that equitable tolling applies, or in the alternative, that ABIC is estopped from raising a limitations defense. *See* Resp. at 5–9. Both doctrines are inappropriate here.

"[E]quitable tolling pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014). The Bloweys rely on several Ninth Circuit cases to support their equitable tolling argument. But, in the Eleventh Circuit, equitable tolling "is an 'extraordinary remedy which should be extended only sparingly.'" *Makozy v. Westcor Land Title*, 852 F. App'x 518, 518 (11th Cir. 2021) (per curiam) (quoting *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993)). "Equitable tolling is appropriate when a litigant untimely files due to extraordinary circumstances that are beyond his control and unavoidable even with due diligence." *Id.* The Bloweys have not raised any such extraordinary circumstances beyond their own failure to file in the correct forum.

Equitable estoppel is similarly inapplicable. "[E]quitable estoppel is an equitable doctrine invoked at a court's discretion" that precludes a party "from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Ajaka v. Brooksamerica Mortg. Corp.*, 453 F.3d 1339, 1344 (11th Cir. 2006) (citation modified). "[E]quitable estoppel

7

is unavailable in a claim against the government for funds from the public treasury." *Affordable Bio Feedstock, Inc. v. United States*, 42 F.4th 1288, 1292 (11th Cir. 2022) (quoting *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1342–43 (11th Cir. 2007) (denying equitable estoppel against a WYO carrier in a SFIP breach of contract suit because SFIPs are backed by the federal treasury)). In issuing a flood insurance policy under the NFIA, a WYO program carrier "acts as the fiscal agent of the United States Government." *Sanz*, 328 F.3d at 1316. Even assuming equitable estoppel might be available, plaintiffs would need to show "affirmative and egregious misconduct." *Shuford*, 508 F.3d at 1343.

Here, the "Policyholder Rights" page of the February 9, 2025 denial letter—like the NFIA—informed the Bloweys that they could "file suit *in the Federal District Court* where the damage occurred *within one year* of when your insurer first denied all or part of your claim." (Doc. 18-1) at 5 (emphasis added). Despite receiving this notice, the Bloweys argue that ABIC's "procedural conduct" in seeking an extension to respond in state court and then removing the case after the February 9, 2026 deadline "amounts to a strategic manipulation of the litigation process" that estops ABIC from asserting a statute-of-limitations defense in federal court. Resp. at 7. The Bloweys provide no support for the proposition that, by moving for an extension of time, ABIC "lull[ed] Plaintiffs into the belief that the lawsuit was being defended on the

merits while simultaneously positioning itself to claim the action is time-barred." *Id*. And the extension did not alter the thirty-day window for ABIC to remove to federal court. At bottom, because it was not ABIC's responsibility to inform the Bloweys that they filed in an improper forum, the Bloweys have not alleged affirmative and egregious misconduct.

The Bloweys cannot meet the demanding requirements of either equitable doctrine. They failed to bring their claim in federal court within the one-year period specified by the SFIP and Section 4072 of the NFIA. Accordingly, I dismiss the complaint with prejudice because amendment would be futile. *See Bruce v. U.S. Bank Nat'l Ass'n*, 770 F. App'x 960, 966–67 (11th Cir. 2019) (per curiam) (affirming dismissal with prejudice where claims were time barred).

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 17) is **GRANTED.**

2. Plaintiffs' Complaint (Doc. 1-1) is **DISMISSED WITH PREJUDICE**.

3. The Clerk is directed to **ENTER** judgment, which shall read "This case is dismissed with prejudice," terminate any pending motions and deadlines, and to **CLOSE** this case.

9

**ORDERED** in Tampa, Florida, on June 17, 2026.


Kathryn Kimball Mizelle
United States District Judge